UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEATHA JACKSON | CIVIL ACTION NO: 23-CV-4304 |
| VERSUS | JUDGE GREG G. GUIDRY |
| GREAT AMERICAN INSURANCE COMPANY | MAGISTRATE JUDGE JANIS VAN MEERVELD |

### ORDER AND REASONS

The Court has before it Defendant Great American Insurance Company's ("GAIC") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. Doc. 20. Plaintiff Leatha Jackson has filed a brief in opposition. R. Doc. 23. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT GAIC's Motion. However, the Court will also grant Plaintiff leave to file an amended complaint.

This case arises from damage to a property owned by Plaintiff (the "Residence") resulting from Hurricane Ida on August 29, 2021. R. Doc. 1 at 3. At that time, the Residence was covered by an insurance policy thorough GAIC. *Id.* at 2. Plaintiff asserts GAIC failed to compensate her fully for the loss she incurred and seeks damages for this alleged breach of contract, as well as bad faith penalties under Louisiana law. *Id.* at 7–9. However, GAIC moves the Court to dismiss Plaintiff's claims for lack of standing and failure to state a claim upon which relief can be granted, arguing Plaintiff is not a party to the insurance policy (the "Policy") that covered the Residence during Hurricane Ida. R. Doc. 20-1.

It is well established that, to bring suit on an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy. *See*

1

*Williams v. Certain Underwriters at Lloyd's of London*, 398 Fed. App'x 44, 47 (5th Cir. 2010) (citing *Joseph v. Hospital Service Dist. No. 2 of Parish of Saint Mary*, 939 So. 2d 1206, 1212 (La. 2006); La. Civ. Code art. 1978)). Plaintiff does not contest that the Policy is a force-placed mortgage security policy of insurance issued by GAIC to Carrington Mortgage Services, LLC ("Carrington"), the mortgagee of the Residence, to which Plaintiff, the mortgagor of the Residence, is not a named insured or additional insured. R. Doc. 23 at 1–2. Plaintiff also admits there is no language in the Policy denoting her as a third-party beneficiary of the Policy. Nonetheless, Plaintiff asserts it would be premature for the Court to determine she lacks standing to raise the instant claims under the Policy. *Id.* at 2. She points out that Louisiana law allows courts, as an equitable remedy, to "reform a contract so as to reflect the intentions of the parties[,]" and argues "there has been insufficient discovery to determine the true intent of the parties." *Id.* Essentially, Plaintiff argues she may have standing because the true intent of the parties to the Policy, GAIC and Carrington, may have been to include Plaintiff as an insured or third-party beneficiary.

The equitable remedy of reformation is available under Louisiana law only where "a contract between the parties fails to express their true intent, either because of mutual mistake or fraud." *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 442 (5th Cir. 2002) (quoting *Edwards v. Your Credit Inc.,* 148 F.3d 427, 436 (5th Cir.1998)). To demonstrate that reformation is warranted, the movant must show, "by clear and convincing evidence, that a mutual mistake has been made." *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 288 (5th Cir. 2023) (citing *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 203 (5th Cir. 1990)). Although Plaintiff did not plead a claim for reformation of the Policy in her complaint, the Fifth Circuit has explained that "[w]hen, as here, a plaintiff raises an argument [for reformation of a contract] for the first time in response to a dispositive motion, the court may consider those claims and arguments as a motion to amend

under Rule 15(a)(2)." *Id.* at 288. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. Proc. 15(a)(2).[1] Accordingly;

**IT IS ORDERED** that GAIC's Motion to Dismiss, R. Doc. 20, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **DIRECTED** to file an amended complaint in this matter no later than January 3, 2024. Should Plaintiff fail to do so, this matter will be dismissed without further notice.

New Orleans, Louisiana, this 20th day of December, 2023.

_____
Greg Gerard Guidry
United States District Judge

---

[1] Of course, a court need not grant leave to amend if the amendment would be futile. *See, e.g., Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). An amendment would be futile if even the "amended complaint would fail to state a claim upon which relief could be granted." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), *cert. denied*, 143 S. Ct. 353 (2022) (citing *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). At this stage, the Court cannot find that allowing Plaintiff leave to amend her complaint and assert a claim for reformation of the Policy would be futile. But it goes without saying that Plaintiff's amended complaint, should one be filed, will be subject to Rule 12(b)(6) review on motion by GAIC, and must be adequate to state a claim for reformation upon which relief can be granted to proceed beyond the motion to dismiss stage.