UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEATHA JACKSON | CIVIL ACTION NO: 23-CV-4304 |
| VERSUS | JUDGE GREG G. GUIDRY |
| GREAT AMERICAN INSURANCE COMPANY | MAGISTRATE JUDGE JANIS VAN MEERVELD |

**ORDER AND REASONS**

The Court has before it Defendant Great American Insurance Company's ("GAIC") Motion to Dismiss Plaintiff Leatha Jackson's amended complaint, R. Doc. 30, pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 31. Plaintiff has filed a brief in opposition, R. Doc. 32, and GAIC has submitted a reply memorandum. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT GAIC's Motion.

**I.    BACKGROUND**

This case arises from damage to a property owned by Plaintiff (the "Residence") resulting from Hurricane Ida on August 29, 2021. R. Doc. 1 at 3. At that time, the Residence was covered by a force-placed insurance policy issued by GAIC to the mortgagee, Carrington Mortgage Services, LLC ("Carrington"), but to which Plaintiff was not a party nor included as an additional insured or third-party beneficiary (the "Policy"). *Id.* at 2; R. Doc. 23 at 1–2. Plaintiff nonetheless filed the instant action against GAIC, asserting it failed to compensate her fully for the loss she incurred due to hurricane damage to the Residence and seeking damages for this alleged breach of contract, as well as bad faith penalties under La. R.S. §§ 22:1892 and 22:1973. *Id.* at 7–9. Upon motion by GAIC, this Court dismissed Plaintiff's first complaint, holding Plaintiff lacked standing

1

to raise those claims because she is not a named insured, an additional named insured, or an intended third-party beneficiary of the Policy between GAIC and Carrington. R. Doc. 29; *see also Williams v. Certain Underwriters at Lloyd's of London*, 398 Fed. App'x 44, 47 (5th Cir. 2010). However, the Court granted Plaintiff's request for leave to amend her complaint to assert a claim that the Policy should be "reformed" to include her as a third-party beneficiary. Plaintiff filed an amended complaint, asserting her claim for reformation, as well as a new claim for detrimental reliance. GAIC now moves the Court to dismiss Plaintiff's amended complaint, arguing she has failed to state a claim for detrimental reliance or reformation upon which relief can be granted and thus still fails to plead plausibly that she has standing under the Policy to raise the instant claims.

II.   **APPLICABLE LAW**

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual

allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, a complaint is insufficient if it contains merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If the factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

The equitable remedy of reformation is available under Louisiana law only where "a contract between the parties fails to express their true intent, either because of mutual mistake or fraud."[1] *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 442 (5th Cir. 2002) (quoting *Edwards v. Your Credit Inc.,* 148 F.3d 427, 436 (5th Cir.1998)). To demonstrate that reformation is warranted, the movant must show, "by clear and convincing evidence, that a mutual mistake has been made." *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 288 (5th Cir. 2023) (citing *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 203 (5th Cir. 1990)). Accordingly, to survive Rule 12(b)(6) review, Plaintiff must at least plausibly allege that a "mutual mistake" between GAIC and Carrington resulted in her omission as a beneficiary under the Policy despite the intent of those parties to include her as such.

In her amended complaint, Plaintiff makes only two factual allegations in support of her claim for reformation of the contract. She asserts that in September 2021, GAIC sent her a letter stating it "received notice of your loss" and that a field adjustor had been assigned to inspect the Residence, with "no mention of Plaintiff not being an insured and/or beneficiary under the subject

---

[1] Plaintiff does not make any allegations of fraud.

3

policy." R. Doc. 30 at 1; *see also* R. Doc. 30-1. Subsequently, in February 2022, GAIC sent a letter to Plaintiff's prior counsel regarding Plaintiff's claim, similarly without mention that Plaintiff was not an insured or beneficiary under the Policy. *Id.* at 2; *see also* R. Doc. 30-2. These facts, even construed in the light most favorable to the Plaintiff and drawing all reasonable inferences in her favor, do not support Plaintiff's claim that she was excluded as a beneficiary to the Policy due to a mutual mistake between GAIC and Carrington. Thus, Plaintiff has failed to state a claim for reformation upon which relief can be granted. Plaintiff is not covered by the Policy and has no standing to assert the breach of contract or bad faith claims she raises in this action.

    Perhaps anticipating this result, Plaintiff has also raised in her amended complaint a new claim for detrimental reliance, asserting she "relied on [GAIC]'s treatment of her as an insured and/or beneficiary under the Policy when spending her own money to make repairs to the home" and thereby sustained monetary damages. R. Doc. 30 at 2. In order to raise a claim for detrimental reliance sufficient to survive Rule 12(b)(6) review, Plaintiff must plausibly allege: "(1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). In support of this claim, Plaintiff again points to the two letters from GAIC discussed *supra*. These letters were sent to Plaintiff and her former counsel in an effort to schedule a time for an adjustor to inspect the Residence for hurricane damage because GAIC covered the Residence, and Plaintiff lived there. But both of these letters explicitly identify "Our Insured" as "Carrington Mortgage Services, LLC[,]" and indicate in no way that Plaintiff is included under the Policy. The fact that these letters do not state outright that Plaintiff is not included under the Policy do not render them "representations" to Plaintiff that she was included. Even assuming Plaintiff construed them as

4

such, any reliance she placed on that unreasonable interpretation could not have been justifiable. Accordingly, Plaintiff also fails to state a plausible claim for detrimental reliance. This claim must also be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that GAIC's Motion to Dismiss, R. Doc. 31, is **GRANTED** and that this action and the claims raised therein are hereby **DISMISSED**.

New Orleans, Louisiana, this 5th day of February, 2024.

_____
Greg Gerard Guidry
United States District Judge

5